**Exhibit "A"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:13-cv-61126-DMM

ANN HUNTER, *on behalf of herself and*
*others similarly situated*,

Plaintiff,

v.

NICHOLAS FINANCIAL, INC.,

Defendant.

_____/

**CLASS ACTION SETTLEMENT AGREEMENT**

  Ann Hunter ("Plaintiff") and Nicholas Financial, Inc. ("Defendant") reached this settlement agreement ("Agreement") after arms-length negotiations between their respective counsel.

**RECITALS**

  A. Plaintiff filed her class action complaint, on behalf of herself and others similarly situated. Through it, she alleges that Defendant violated the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq*. Plaintiff accordingly asserts that Defendant's violations of the EFTA render it liable to Plaintiff, and to the class of individuals that she seeks to represent, for statutory damages, costs, and reasonable attorneys' fees. Plaintiff does not assert that Defendant's conduct at issue caused, or was likely to cause, any actual damages.

  B. Defendant denies Plaintiff's material allegations. It also denies that it violated the EFTA. Furthermore, Defendant denies that it is liable to Plaintiff, or to the class of individuals that she seeks to represent, in any way. Notwithstanding, Defendant concluded that this litigation will likely be protracted and expensive, and that it is in Defendant's best interest to resolve the

1

subject dispute fully, finally, and forever, in the manner set forth in this Agreement. Defendant therefore enters into this Agreement to avoid the further expense and inconvenience of litigation, and to buy peace.

C.     Plaintiff's counsel has considerable experience with class actions, as well as consumer-finance-related matters. He has analyzed the facts and law relevant to this matter, and he recognizes the substantial expense and delay potentially associated with the continued prosecution of this case through trial and appeal. Further, he is mindful of the limitations on any possible recovery by the class of individuals that Plaintiff seeks to represent. He also recognizes that protracted litigation is likely to serve the interests of no one except the attorneys in the case.

D.     Based on Plaintiff's counsel's extensive analysis of the law and facts at issue, Plaintiff has determined that a settlement on the terms set forth in this Agreement is fair, adequate, and reasonable, and thus in the best interest of the class of individuals that she seeks to represent.

E.     Defendant believes that a settlement on the terms set forth in this Agreement is fair, adequate, and reasonable.

F.     Plaintiff and Defendant accordingly plan to seek approval of this Agreement under FRCP 23.

## ARTICLE I: DEFINITIONS

When used in this Agreement, the following terms mean:

1.1     "BUSINESS DAY" means any day on which national banks are open for the conduct of general business.

1.2     "CLASS" means a class conditionally certified for purposes of settlement only, which is defined as, or similar to: All individuals throughout the United States who, between

May 17, 2012 and May 29, 2013, signed an electronic funds transfer authorization agreement with Defendant, which required him/her to provide Defendant five business days written notice to cancel a preauthorized electronic funds transfer. Excluded from the Class are:

    a.    any person who is already subject to an existing release regarding the claims at issue;

    b.    any person who is deceased;

    c.    any person who has filed for bankruptcy protection under Title 11 of the United States Code; and

    d.    any Class Member, as defined below, who timely mails a request for exclusion.

    1.3    "CLASS COUNSEL" means Aaron D. Radbil.

    1.4    "CLASS MEMBERS" mean the approximately 1,383 individuals who are a part of the Class.

    1.5    "CLASS NOTICE" means the court-approved notice, in a form substantially similar to the proposed notice attached as Appendix A.

    1.6    "CLASS PERIOD" means the period that begins on May 17, 2012, and ends on May 29, 2013.

    1.7    "CONDITIONAL CERTIFICATION MOTION" is defined in Section 2.1(a) of this Agreement.

    1.8    "CONDITIONAL CERTIFICATION ORDER" is defined in Section 2.1(a) of this Agreement.

    1.9    "CONSUMMATION DATE" means the date on which all obligations and duties of the Parties, as defined below, have been effectuated, and this Agreement has been closed.

1.10    "COURT" means the United States District Court for the Southern District of Florida.

1.11    "DEFENDANT" means Nicholas Financial, Inc., and includes all officers, directors, shareholders, members, agents, employees, representatives, attorneys, and insurers of Defendant.

1.12    "FINALITY DATE" means the date after which the Court has entered the Final Order and Judgment, as defined below, and the time for perfecting an appeal of the Final Order and Judgment has expired with no appeal taken; final dismissal of any appeal taken; or affirmance of the Final Order And Judgment that is not subject to further review by any court with appellate jurisdiction over the Litigation, as defined below.

1.13    "FAIRNESS HEARING" means the hearing to be conducted by the Court pursuant to FED. R. CIV. P. 23, to consider the fairness, adequacy, and reasonableness of the settlement as set forth in this Agreement.

1.14    "FINAL ORDER AND JUDGMENT" means the final order and judgment to be entered by the Court approving this Agreement as fair, adequate, and reasonable under FED. R. CIV. P. 23, confirming certification of the Class for settlement purposes only, enjoining future litigation by the Class Members, and making other findings and determinations that the Court deems necessary and appropriate to effectuate the terms of this Agreement, which should be in substantially the same form as the proposed final order and judgment attached as Appendix D.

1.15    "LITIGATION" means the above-captioned case.

1.16    "PARTIES" means Plaintiff, Defendant, and the Class Members.

1.17    "RELEASED CLAIMS" means:

a.     For Plaintiff, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that she or her heirs, executors, administrators, successors, assigns, and attorneys may have against Defendant or any of Defendant's principals, subsidiaries, and affiliate entities, partners, officers, directors, shareholders, members, managers, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys ("Released Persons") as of the date of this Agreement, it being Plaintiff's intent to release all claims of any kind or nature, known or unknown, arising pursuant to contract, tort, common law, statute, or regulation, that she may have against Defendant.

b.     For the Class, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that the Class or the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys could assert against the Released Persons as a result of alleged violations of the EFTA set forth in Plaintiff's class action complaint.

c.     This Agreement and the settlement embodied herein will not release any debts owed to Defendant or its clients, by Plaintiff or the Class. Nor will this Agreement operate as an accord and satisfaction of such debts. Furthermore, and to the extent necessary, Class Counsel expressly affirms that he and his firm do not represent Plaintiff or the Class in connection with any such debt, and that his representation, and his firm's representation, is limited solely to their role in connection with the claims that are the subject of this Agreement.

### ARTICLE II: TERMS AND CONDITIONS OF THE SETTLEMENT

Plaintiff and Defendant agree to the following settlement, subject to the terms and conditions of this Agreement, and the terms and conditions of the incorporated documents. The

relief provided for under this Agreement is in full satisfaction of Defendant's liability for all Released Claims.

2.1     *Class Action Settlement Procedures*

a.     Plaintiff and Defendant will file, with the Court, a joint motion for conditional certification and preliminary approval of their proposed class action settlement agreement ("Conditional Certification Motion"), seeking entry of an order conditionally certifying the class and granting preliminary approval of their proposed settlement ("Conditional Certification Order"), which will (1) certify, for settlement purposes only, a class of individuals in this matter under FED. R. CIV. P. 23; (2) preliminarily approve this Agreement, the proposed notice to the Class regarding the settlement terms and the Final Fairness Hearing; and (3) direct that the Class Notice be distributed to the Class in the manner described below. The Conditional Certification Motion and the Conditional Certification Order should be in a form substantially similar to the motion and proposed order attached as Appendices B and C, respectively. The Class Notice will inform the Class of the nature of this litigation, the proposed settlement, and the right of Class Members to object or opt out, and should be in a form substantially similar to the proposed class notice attached as Appendix A. The Class Notice will be distributed by mailing a copy of the notice to each class member as described below.

b.     Defendant or its designee will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendant's records, with a notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address, Defendant or its designee must run such Class Member through the national change of address database to seek a good address and re-send the Notice to any Class Member

for whom it is able to obtain a new address as a result of such search. Defendant will use its best efforts to provide prompt re-sending of any returned notices. Defendant and its attorneys, however, will not be responsible the failure of the postal service to timely deliver or return a class notice. Defendant will have no obligation to re-send a notice that is not returned by the postal service until after the date that is seven days prior to the Final Fairness Hearing.

c.    Defendant, or at Defendant's sole choice, an independent claims administrator, will administer the class settlement. Defendant will bear the cost of providing notice and distributing checks to the Class. Defendant will provide, prior to the Final Fairness Hearing, a sworn declaration attesting to service of the Class Notice upon the Class.

d.    Defendant agrees to support the entry by the Court of the Conditional Certification Order. Such certification, and Defendant's agreement to support such certification, will be expressly conditioned upon the Court's approval of the Final Order and Judgment. Furthermore, Plaintiff and her attorneys will support the Settlement and will take no action inconsistent with such support. Advising Class Members to opt out of the Class will be deemed to be inconsistent with support of the settlement.

e.    Plaintiff and Defendant will file a joint motion for approval of the final order and judgment (the "Final Settlement Motion") seeking the entry of the Final Order and Judgment, finally approving this Agreement following the Fairness Hearing before the Court. Among other things, the Final Order and Judgment will include provisions which dismiss the Litigation with prejudice, approve the proposed relief to the Class, and grant the individual and class releases described in this Agreement.

f.    Defendant's agreement to support the Preliminary and Final Settlement Motions, for purposes of this Agreement only, will be without prejudice to any *status quo ante* defenses,

rights, or positions in this matter. In the event this Agreement is not approved by the Court, or if approval of this Agreement, including the entry of the Conditional Certification Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorneys' fee award), or if any one of the conditions precedent set forth in Article V of this Agreement is not met or any termination right under Section 5.2 of this Agreement is exercised, then the Conditional Certification Order and the Final Order and Judgment, including, but not limited to, the conditional class certification entered to effectuate this Agreement, and all findings of fact and conclusions of law therein, will be automatically dissolved without further order of the Court, null and void and of no force and effect, and in such event all *status quo ante* rights of Defendant to, among other things, (i) oppose any subsequent efforts by the Plaintiff to certify this action as a class action, and (ii) assert all other defenses, rights, and positions, will in all respects be unaffected and preserved as will those rights of Plaintiff and the Class. The Conditional Certification Order and the Final Order and Judgment will so provide.

2.2     *The Class.* The Class is defined in Section 1.2 above. It is possible that some members of the Class may have died or filed bankruptcy proceedings during the Class Period. The orders presented to the Court will address the consequences of death or bankruptcy.

2.3     *Settlement Consideration.* Subject to the terms of this Agreement, Defendant agrees to provide the following relief to Plaintiff and the Class:

a.     Defendant will pay $1,000 to Plaintiff;

b.     To the extent that it has not already, Defendant will cease the initiation of automatic funds transfers previously authorized by Plaintiff under the electronic funds transfer agreement between Plaintiff and Defendant;

c.     Defendant will pay $50 to each Class Member;

d.     Defendant will discontinue the use of the subject electronic funds transfer authorization agreement which provides for five business days written notice to cancel a preauthorized electronic funds transfer;

e.     Defendant will bear the costs of class administration, and (subject to approval of the Court) Defendant will pay the reasonable attorneys' fees and expenses of Plaintiff's attorneys in the amount awarded by the Court, but not to exceed $26,500.00.

2.4     *Opting Out of the Class.*

a.     The Preliminary Approval Order to be submitted to the Court will provide that Class Members who wish to exclude themselves from (opt out of) the Class and the proposed Settlement must mail a written request for exclusion to Defendant's designated claims administrator, Class Counsel, and counsel for Defendant postmarked no later than a date that is at least three weeks prior to the Final Fairness Hearing.

b.     In any such written request for exclusion, the Class Member must set forth his or her full name, address, telephone number, and Social Security number, together with a statement to the effect that that he/she wishes to be excluded from or opt out of the Class.

c.     Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period will not be bound by the terms of this Agreement and will not receive any of the benefits of the Settlement.

d.     If more than ten percent of the Class Members timely send written requests for exclusion (opt out of the Class Action Settlement), Defendant will have the right, but not the obligation, to withdraw from the Settlement. Such an election by Defendant must be made in writing and sent to Class Counsel within ten days after the deadline for submitting requests for exclusion specified above.

2.5     *Class Members' Release and Exclusive Remedy*.

a.      Upon entry of the Final Order and Judgment, each Class Member, including Plaintiff, on behalf of such Class Members and of any person claiming by or through each such Class Member as heir, administrator, devisee, predecessor, successor, representative of any kind, or assignee will be deemed to release and forever discharge Defendant and all of Defendant's principals, members, subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys, from any and all of the Released Claims.

b.      The relief described herein is the exclusive method of recovery and exclusive remedy for all Class Members for any and all of the Released Claims, and will be in lieu of any other remedy or right of action against the Released Persons for the Released Claims. Accordingly, the Released Persons will not be subject to liability of any kind to any Class Member with respect to any of the Released Claims, other than as set forth in this Agreement.

c.      Each Class Member, upon the Court's entry of a Final Order and Judgment, will be enjoined by that order from instituting or maintaining any action for the Released Claims against the Released Persons. The Court's Final Order and Judgment will enjoin such actions for the Released Claims. The Court will retain jurisdiction over the administration of this Agreement and may use its equitable powers to enforce this Agreement.

2.6     *Class Counsel's Attorneys' Fees and Expenses*. Class Counsel will seek from the court an award of his, and his firm's, reasonable attorneys' fees and costs. Should the Court approve a lesser amount of fees and costs, such approval will not be a basis for any party to withdraw from the settlement. Regardless of the amount approved by the Court, in no event will Defendant pay to Class Counsel fees and expenses in excess of $26,500. Defendant will not

oppose Class Counsel's request for attorneys' fees and costs not to exceed $26,500. Defendant agrees that $26,500 fairly and reasonably compensates Class Counsel for the time and expenses that he and his firm have incurred, and will incur, in this matter.

2.7     *Attorneys' Fees of Individual Class Members*. Any Class Member or other person may be represented by counsel of his or his choice, but all fees and expenses of such counsel, if other than Class Counsel paid under Section 2.6 above, will be paid by the Class Member or other person.

2.8     *No Admission of Liability by Defendant*. The parties and their attorneys stipulate that this Agreement does not constitute an admission by Defendant that any claim or fact alleged by any party in this action is true or correct, and Defendant expressly denies any liability or wrongdoing whatsoever in connection with matters which are the subject of this matter.

2.9     *Objection Period for Class Members*.

a.     Class Members will be afforded an opportunity to object to the Settlement. Subject to approval of the Court, objectors will be required to notify the Court, Class Counsel and counsel for Defendant, in writing, of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

b.     Subject to court approval, the Conditional Certification Order will require that such notice of objections must include:

i.     a statement of each objection being made;

ii.     a detailed description of the facts underlying each objection;

iii.     a detailed description of the legal authorities underlying each objection;

iv.     a statement of whether the objector intends to appear at the Fairness Hearing;

v.      a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and

vi.      a list of appendices which the objector may offer during the Fairness Hearing, along with copies of all of the appendices.

c.      Subject to Court approval the Conditional Certification Order should further provide:

Class Members, and all other interested persons will file such notice of objections with the Court and serve such notice of objections upon Defendant's designated claims administrator, Class Counsel, and counsel for Defendant no later than a date which is at least three weeks prior to the Final Fairness Hearing. Unless otherwise agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant, will not be heard during the Fairness Hearing and the Court will not consider their objections.

## ARTICLE III: REPRESENTATIONS AND WARRANTIES

3.1      *Representations and Class Counsel's Warranties*. Class Counsel represents and warrants that he believes the settlement set forth in this Agreement is in the best interest of the class.

*3.2      Representations and Warranties of the Plaintiff.* Plaintiff represents and warrants as follows:

a.      that on the date of execution of this Agreement she is the owner of the individual claims asserted in this action, that she has not assigned, pledged (except to her attorneys), sold or otherwise transferred such claims (or an interest in such claims), and that on the Finality Date,

she will own such claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses; and

b.     that this Agreement does not constitute an admission by Defendant that any claim or fact alleged by any party in this matter is true or correct, and Defendant has always and consistently expressly denied any liability or wrongdoing whatsoever in connection with matters which are the subject of this action.

## ARTICLE IV: CONDITIONS TO CLOSING

4.1     *Conditions.* The foregoing agreements of Plaintiff and Defendant are subject to the accuracy of the representations and warranties contained in this Agreement and to the performance by the parties hereto of their obligations under this Agreement in all material respects. Additionally, Defendant's obligation to provide the class relief described herein and to proceed with closing will be subject to the satisfaction of each of the following conditions to closing on or prior to the Consummation Date (unless such conditions are waived by Defendant):

a.     the Finality Date will have occurred;

b.     the Court will have approved and signed a Final Order an Judgment in substantially the same form as the attached at Appendix D, that includes a release of all of the Released Claims;

c.     Defendant and Plaintiff will have been furnished with such additional documents as may be reasonably required in order to implement the transactions contemplated by this Agreement; and

d.     the representations and warranties contained in Article III of this Agreement will be true and correct as of the date of execution of this Agreement.

## ARTICLE V: MISCELLANEOUS PROVISIONS

5.1     *Appeals.* In the event that an appeal is taken by a Class Member or any other person from the Conditional Certification Order or the Final Order and Judgment, the parties to this Agreement agree to support the position on such appeal that the order or orders appealed from should be affirmed in its or their entirety, and to file briefs or other appropriate court papers in support of that position. Nothing contained herein, however, will prejudice the rights of Plaintiff, Class Counsel, or Defendant to appeal from any order of the Court that is inconsistent with the orders contemplated by this Agreement.

5.2     *Termination.* This Agreement will be terminable by Defendant upon five Business Days written notice in the event that any material terms, conditions, or representations of the Agreement are not adhered to by the court or by Plaintiff or Class Counsel. If this Agreement is terminated, Plaintiff, Defendant, and each of the Class Members will be deemed to be in the same position as existed prior to its execution, with the same *status quo ante* rights and interests as they may have had absent the entry by Defendant and Plaintiff into these settlement discussions, and this Agreement and all other understandings and agreements between the parties and their respective counsel relating to the settlement, will be deemed to be null and void and of no force and effect. In that event, the parties will jointly notify the Court of the need to decide Plaintiff's motion for class certification as a contested motion.

5.3     *Distribution of Settlement Funds.* Subject to Approval of the Court, the settlement funds will be distributed as follows:

a.      Within ten days after the Finality Date, checks representing the distribution due to Plaintiff and Class Counsel, described above, will be mailed by Defendant (or, at Defendant's sole discretion, its designated claims administrator).

b.      Within thirty days after the Finality Date, checks representing the distribution due to the Class will be mailed by Defendant (or, at Defendant's sole discretion, its designated claims administrator). Each such check will bear a notation indicating that it expires one-hundred-eighty days after the date of the check.

5.4     *No Admission.* The Parties and their attorneys stipulate that this Agreement is a compromise of disputed claims, and that this Agreement is entered into without admitting any liability, which liability is expressly denied, and without agreement by any Party to any of the allegations made by another Party. The Parties and their attorneys further stipulate that nothing contained in this Agreement, the supporting documents, or the negotiations leading up to this Agreement will be construed as an admission of liability or wrongdoing of any kind, or—in the event that this Agreement is terminated—as a waiver of any claim or defense that Defendant or Plaintiff may have in the Litigation, nor of Plaintiff's right to seek class certification on a contested basis, nor of Defendant's right to oppose such certification.

5.5     *Entire Agreement.* This Agreement, including all referenced Appendices, is the entire agreement of the Parties. All antecedent or contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

5.6     *Modification.* No modification of this Agreement may be made, except by written agreement executed by Plaintiff, Class Counsel, and Defendant, and approved by the Court.

5.7     *Notices.* All notices between and to Class Counsel and Defendant required under this Agreement will be sent by first class U.S. mail, by hand delivery, or by facsimile, to the recipient designated in this Agreement. The timeliness of all submissions and notices will be measured by the date that is three days after the date of the postmark (if sent by mail), or by the

date of receipt (if hand delivered or sent by facsimile). The persons designated to receive notice are as follows:

For Defendant:                          For Class Counsel:

Jeffrey R. Seewald                      Aaron Radbil
McGlinchey Stafford, PLLC               Weisberg & Meyers, LLC
1001 McKinney St. Suite 1500            5025 N Central Ave. #602
Houston, Texas 77002                    Phoenix, AZ 85012
Facsimile:  713-520-1025                Facsimile: (866) 842-3303

5.8     *Execution in Counterparts.* This Agreement may be executed in any number of counterparts, and each of which when so executed will be deemed an original, and all of which taken together will constitute one and the same Agreement.

5.9     *Applicable Law*. This Agreement and the rights and obligations of the Parties must be governed by and will be construed and enforced in accordance with the laws of the United States and the State of Florida without regard to any conflict of law provision in said laws of the State of Florida that might otherwise require the application of the laws of a jurisdiction other than that of the State of Florida to the performance, validity, construction, or enforcement of this Agreement.

5.10    *Headings*. Article and Section headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.

5.11    *Benefit of Agreement.* This Agreement will be binding upon and inure to the benefit of the parties hereto, the Class Members, the Released Persons, and their respective successors, heirs, and assigns. Nothing in this Agreement is intended or should be construed to give any other person or entity any legal or equitable right, remedy or claim under or in respect to this Agreement or any provision herein entered.

5.12   *Place of Performance.* This Agreement will be performed in the United States District Court for the Southern District of Florida.

5.13   *Best Efforts.* All signatories to this Agreement and their counsel will exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

5.14   *Parties Are Equal Drafters.* The parties will be deemed to have drafted this agreement equally, and the settlement documents will not be construed strictly against Plaintiff or Defendant.

Dated: 11 14 , 2013

| | |
|---|---|
| Ann Hunter<br>PLAINTIFF | Nicholas Financial<br>Name: Ralph Finkenbrink<br>Title: SUP D CFO<br>DEFENDANT |
| Aaron D. Radbil<br>Weisberg & Meyers, LLC.<br>5025 N. Central Ave, #602<br>Phoenix, AZ 85012<br>aradbil@attorneysforconsumers.com<br>ATTORNEY FOR PLAINTIFF | Jeffrey R. Seewald<br>McGlinchey Stafford PLLC<br>1001 McKinney Suite 1500<br>Houston, Texas 77002<br>jseewald@mcglinchey.com<br>ATTORNEY FOR DEFENDANT |

17

Appendix A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-61126-DMM

ANN HUNTER, *on behalf of herself and
others similarly situated*,

Plaintiff,

v.

NICHOLAS FINANCIAL, INC.,

Defendant.

_____/

### PLEASE READ THIS NOTICE CAREFULLY. IT EXPLAINS
### YOUR RIGHTS AND OPTIONS TO PARTICIPATE IN A CLASS ACTION
### SETTLEMENT.

### THIS IS *NOT* A NOTICE OF A LAWSUIT AGAINST YOU.

**Why did you get this notice?**

This is a notice of a proposed settlement in a class action lawsuit. You received it because Defendant Nicholas Financial, Inc. ("Nicholas Financial") identified you as one of the approximately 1,383 class members in this matter. Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

**What is this lawsuit about?**

Ann Hunter ("Plaintiff") filed the Lawsuit against Nicholas Financial, alleging that it violated the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq*. Through her lawsuit, she asserts that Nicholas Financial is liable to her, and the class of individuals that she seeks to represent, for statutory damages under the EFTA. Plaintiff does not contend that Nicholas Financial's alleged violations of the EFTA caused any actual damages. Nicholas Financial denies Plaintiff's material allegations, but has agreed to the proposed settlement agreement, in part, to avoid the expense of litigation.

**Why is this a class action?**

In a class action, a representative plaintiff (in this case, Ms. Hunter) sues on behalf of others who have similar claims. These people together make up a "class." One court (in this case, the United

States District Court for the Southern District of Florida) then resolves the claims at issue for all of the class members, except for those who exclude themselves from the class.

**Why is there a settlement?**

Plaintiff, on the one hand, and Nicholas Financial, on the other, agreed to settle this lawsuit to avoid the time, risk, and expense of litigating this case, and to achieve a final resolution of the disputed claims. Under the proposed settlement, the class members (including yourself) will have the opportunity to obtain financial compensation in exchange for fully settling the claims at issue in this matter. The class representative (here, Ms. Hunter), and her counsel—who has significant experience with class actions—thinks the settlement is best for all of the class members.

**How do you know if your claims are included in the settlement?**

You received this notice because Nicholas Financial's records identified you as a class member. That means you appear to fit the description of the class, which the Court has certified for settlement purposes. Specifically, the class consists of all individuals throughout the United States who, between May 17, 2012 and May 29, 2013, signed an electronic funds transfer authorization agreement with Nicholas Financial, which required him/her to provide Nicholas Financial five business days written notice to cancel a preauthorized electronic fund transfer. Excluded from the Class are:

    a.    any person who is already subject to an existing release regarding the subject claims;

    b.    any person who is deceased as of the date of the preliminary approval order;

    c.    any person who has been discharged in bankruptcy under Title 11 of the United States Code as of the date of the preliminary approval order; and

    d.    any class member who timely mails a request for exclusion.

The Class Period runs from May 17, 2012 through  May 29, 2013.

**What does the settlement provide?**

Nicholas Financial will pay to each class member $50.00, unless he/she timely mails a request for exclusion. Nicholas Financial will pay to Plaintiff, as the class representative, $1,000.00 in consideration for her individual claims. Nicholas Financial has also agreed to pay the costs associated with settlement notice and administration, as well as the reasonable attorneys' fees and expenses of Plaintiff's attorneys in an amount not to exceed $26,500.00. Nicholas Financial has additionally agreed to no longer use the electronic fund transfer form that gave rise to this matter.

**How much will you be paid?**

If the court finally approves the settlement, you will receive a check for $50.00, unless you make a timely request for exclusion from the class. The check will be valid for 180 days after the date the check is issued.

**How can you get a payment?**

You do not need to do anything to receive payment. If the settlement agreement is approved by the Court, you will receive a settlement check, unless you make a timely request for exclusion from the class.

**When will you be paid?**

If the Court approves the settlement, checks to the class members will be mailed no later than thirty days after the judgment in the lawsuit becomes final. If there is an appeal of the settlement, payment may be delayed.

**What rights are you giving up in this settlement?**

Unless you exclude yourself from the settlement, you will be considered a member of the class, which means you give up your right to sue or continue a lawsuit against Nicholas Financial over the released claims. Unless you formally exclude yourself from this settlement, you will release your claims and receive a settlement payment of $50.00.

For more information on the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement from the United States District Clerk for the Southern District of Florida.

**Entering an appearance.**

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B)(iv), any class member may enter an appearance in this case through an attorney. If you chose to do so, you must file with the Clerk of the Court a written notice of your appearance by _____, 2013, and you must serve a copy of that notice, by certified mail, fax, or hand-delivery, upon [Nicholas Financial's designated claims administrator], at the address set forth below.

> [Address for Nicholas Financial's designated claims administrator]

**Excluding yourself from the settlement.**

You may exclude yourself from the settlement, in which case you will *not* receive a check for $50.00. If you wish to exclude yourself from (*i.e.,* opt out of) the class and the proposed settlement, you must mail a written request for exclusion to [Nicholas Financial's designated claims administrator], postmarked no later than _____, 2013, at the address set forth below:

> [Address for Nicholas Financial's designated claims administrator]

In any such written request for exclusion, you *must* set forth your full name, address, telephone number, together with a statement to the effect that that you wish to be excluded from or opt out of the Class.

You must sign the request. If any person signs the request on your behalf that person must attach a copy of the power of attorney authorizing that signature.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a final fairness hearing on _____, 2013, at _____ _.m. The hearing will be held in United States District Court for the Southern District of Florida, located at 701 Clematis Street, West Palm Beach, FL 33401. At the final fairness hearing the Court will consider whether the proposed settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Do you have to attend the hearing?**

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense, and you may ask the Court's permission to speak. You will not be permitted to speak at the hearing if you have excluded yourself from the settlement. This is because once you have excluded yourself, the settlement does not affect your legal rights.

**What if you want to object to the settlement?**

If you have not excluded yourself from the settlement, you can object to the settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must either file a formal objection or else send a letter to the Court. Any such objection or letter *must* state: (1) your full name, address, telephone number and the last four digits of your social security number; (2) the factual and legal grounds for your objection; (3) whether you intend to appear at the final fairness hearing on your own behalf or through an attorney; and (4) the names, addresses and phone numbers of all witnesses whom you or your attorney intends to call at the fairness hearing. Your formal objection or letter must be accompanied by any evidence you wish to introduce to support your objection. You must mail your formal objection or letter to all of the addresses listed below, postmarked by _____, 2013:

    Clerk of the Court
    United States District Court for the Southern District of Florida
    701 Clematis Street, West Palm Beach, FL 33401

    [Address for Nicholas Financial's designated claims administrator]

    Aaron D. Radbil
    Weisberg & Meyers, LLC
    5025 N. Central Ave., #602
    Phoenix, AZ 85012

    Jeffrey R. Seewald
    McGlinchey Stafford PLLC

1001 McKinney St. Suite 1500
Houston, Texas 77002

**What if you do nothing?**

If you do nothing, and the Court approves the settlement agreement, you will receive a check for $50.00, unless you are excluded for any of the reasons (a)-(c) listed in the above section titled "*How do you know if your claims are included in the settlement?*" Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against the released parties over the released claims.

**What will happen if the Court does not approve the settlement?**

If the Court does not approve the settlement, or if it approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits and the case will continue. The parties may negotiate a different settlement or the case may go to trial.

**Who Represents the Class?**

The attorney who has been appointed by the Court to represent the class is:

Aaron D. Radbil
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
(888) 595-9111

**Who Represents Nicholas Financial?**

Jeffrey R. Seewald
McGlinchey Stafford, PLLC
1001 McKinney St. Suite 1500
Houston, Texas 77002
(713) 520-1900

**Where can you get additional information?**

This notice is only a summary of the proposed settlement of this lawsuit. All pleadings and documents filed with the Court, including the class action settlement agreement, may be reviewed or copied in the Clerk of Court, United States District Court for the Southern District of Florida. Please do not call the Judge about this case. *Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, Nicholas Financial's attorneys do not represent you and they cannot give you legal advice.*

Appendix B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:13-cv-61126-DMM

ANN HUNTER, *on behalf of herself and*
*others similarly situated*,

Plaintiff,

v.

NICHOLAS FINANCIAL, INC.,

Defendant.

_____/

**JOINT MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY**
**APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AGREEMENT**

**Introduction**

Ann Hunter and Nicholas Financial, Inc. ("Nicholas Financial") jointly request for the purposes of settlement that this Court certify this matter as a class action under Rule 23, on behalf of the following group of people:

> All individuals throughout the United States who, between May 17, 2012 and May 29, 2013, signed an electronic funds transfer authorization agreement with Nicholas Financial, which required him/her to provide Nicholas Financial five business days written notice to cancel a preauthorized electronic fund transfer.

Rule 23 states that "a class action may be maintained" where a plaintiff satisfies prerequisites imposed by Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and requirements imposed by Rule 23(b)—predominance and superiority. Here, Ms. Hunter, and approximately 1,383 other individuals, entered into a standardized electronic fund transfer agreement with Nicholas Financial during the relevant time period. Ms. Hunter alleges that the agreement violates the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693

*et seq*. Nicholas Financial denies Ms. Hunter's allegations, but has agreed to resolve this matter on a class-wide basis.

Accordingly, the large number of individuals that entered into the agreement with Nicholas Financial makes joinder of all potential class members impracticable. And because the agreement is a standardized form, issues of law and fact common to all class members predominate over any individual issues. For the same reason, Ms. Hunter's claims are typical of the potential class members' claims. So, as Ms. Hunter and her counsel will adequately represent the proposed class, and since it would be uneconomical for each of the proposed class members to litigate their claims individually, this Court should conditionally certify this matter as a class action under Rule 23 and grant preliminary approval of the proposed settlement.

### Statement of Relevant Facts and Procedure

Ms. Hunter entered into a standardized electronic fund transfer agreement with Nicholas Financial. This agreement reads, in part:

> To cancel this Authorization, I must submit a WRITTEN cancellation request to the Nicholas Financial branch office that services my account, at least five (5) business days prior to the date of the next automatic transfer.

Doc. 1-3 at 2 (emphasis in original).

Ms. Hunter later filed her class action complaint against Nicholas Financial. Through it, she alleges that the standardized electronic fund transfer agreement she entered into with Nicholas Financial violates the EFTA. *See* Document 12. In particular, she asserts that the agreement violates the EFTA at section 1693e(a), which mandates that a consumer be allowed to stop payment of a preauthorized electronic fund transfer *orally* or in writing at any time up to *three* business days preceding the scheduled date of such transfer. *Id*. Ms. Hunter additionally asserts that the agreement violates the EFTA at section 1692l, as it includes language that

constitutes an impermissible waiver of rights conferred under the EFTA—namely, the right to cancel a preauthorized electronic fund transfer *orally* or in writing at any time up to *three* business days preceding the scheduled date of such transfer, and the right to cancel a preauthorized electronic fund transfer by providing notice of cancellation *to the financial institution* holding the relevant account. *Id*.

During the relevant time period, approximately 1,383 individuals other than Ms. Hunter entered into the standardized electronic fund transfer agreement with Nicholas Financial. *See* Settlement Agreement, attached as Exhibit A, at section 1.4.

Defendant has denied and continues to deny each of the claims alleged in this action and denies any fault, wrongdoing or liability whatsoever arising out of any of the conduct alleged by Ms. Hunter. In addition,  Defendant contends that absent a settlement, no class could be certified. Nevertheless, in order to avoid the burden and expense of continued litigation, Defendant considers it desirable that this action and the claims alleged by Ms. Hunter be settled.

**Argument**

**A.  The class that Ms. Hunter seeks to represent is well suited for class treatment.**

Rule 23 governs class certification. Under Rule 23, the party seeking certification must first demonstrate (1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative plaintiff are typical of the claims or defenses of the class; and (4) that the representative plaintiff will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The party seeking certification must then show that at least one of the following three conditions is satisfied: (1) the prosecution of separate actions would create a risk of inconsistent or varying adjudications, or individual adjudications would be dispositive of the interests of other

members not a party to those adjudications or would substantially impair or impede their ability to protect their interests; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b).

### 1. The class that Ms. Hunter seeks to represent is so numerous that joinder of all members is impracticable.

The first prerequisite Rule 23(a) imposes is that a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The focus of this inquiry is not whether the number of proposed class members is "too few" to satisfy Rule 23(a)(1), but "whether joinder of proposed class members is impractical." *Armstead v. Pingree*, 629 F.Supp. 273, 279 (M.D. Fla. 1986). Against this backdrop, this Court stated: "Generally, 'less than twenty-one is inadequate, [and] more than forty [is] adequate [for a finding of numerosity].'" *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir.1986)).

Here, there are 1,383 proposed class members. As this number well exceeds forty, the class that Ms. Hunter seeks to represent is presumed to be so numerous that joinder of all members is impracticable.

### 2. Questions of law and fact are common to the class that Ms. Hunter seeks to represent.

"Commonality requires at least one issue common to all members of the class, but does not require that all factual and legal questions be common. *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 697 (S.D. Fla. 2004). Generally, the commonality prerequisite is satisfied "when a

plaintiff alleges that [d]efendants have engaged in a standardized course of conduct that affects all class members." *Id.* (internal quotation and citations omitted).

Here, 1,383 proposed class members entered into a standardized electronic fund transfer agreement with Nicholas Financial. Accordingly, the specific language of the agreement, which gives rise to the claims underlying this matter, is common to all of the proposed class members.

### 3. Ms. Hunter's claims are typical of the claims of the class that she seeks to represent.

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Although similar to commonality in that it concentrates on the "nexus" between class members and the named class representative, typicality differs from commonality in that it focuses on the named class representative's individual characteristics in comparison to the proposed class. *Piazza v. EBSCO Indus. Co.*, 273 F.3d 1341, 1346 (11th Cir. 2001).

"The test for typicality, like commonality, is not demanding." *In re Disposable Contact Lens Antitrust Litig.*, 170 F.R.D. 524, 532 (M.D. Fla. 1996). It "is satisfied where the interests of the named parties arise from the same course of conduct that gave rise to the claims of the class they seek to represent, and are based on the same legal or remedial theory; furthermore, typicality will not be destroyed by factual variations." *Tapken v. Brown*, No. 90-691-CIV-MARCUS, 1992 WL 178984, at *28 (S.D. Fla. Mar. 13, 1992). Accordingly, to defeat typicality, the factual variation of a class representative "must be clear and must be such that interests of the class are placed in significant jeopardy." *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 686 (S.D. Fla. 2004).

Here, Ms. Hunter's claims arise from the very same course of conduct—specific language found in a standardized electronic fund transfer agreement—from which the claims of

the proposed class members arise. So, her claims are necessarily based on the same legal theory as are the claims of the proposed class members. Ms. Hunter's claims are therefore typical of the claims of the proposed class members.

### 4. Ms. Hunter, and her counsel, will fairly and adequately protect the interests of the class she seeks to represent.

To adequately represent a class, a named plaintiff must show that she possesses the integrity and personal characteristics necessary to act in a fiduciary role representing the interests of the class, and has no interests antagonistic to the interests of the class. *In re Ins. Mgmt. Solutions Grp., Inc.*, 206 F.R.D. 514, 516 (M.D. Fla. 2002) (certifying class action). Here, Ms. Hunter has averred as much. *See* Affidavit of Ann Hunter, attached as Exhibit C.[1]

As well, "the plaintiffs must be represented by counsel of sufficient diligence and competence to fully litigate the claim." *Tapken*, 1992 WL 178984, at *29. Here, Mr. Radbil is well qualified to serve as class counsel in this matter, as he has a great deal of experience representing clients in connection with claims under federal consumer protection statutes—in both individual and class actions. *See generally* Declaration of Aaron D. Radbil, attached as Exhibit D. In fact, two federal district courts recently appointed Mr. Radbil as class counsel in matters involving claims under federal consumer protection statutes. *See Luis Rodriguez, et al. v. Hayt Hayt & Landau, P.L*, No. 12-cv-23848-JJO, Doc. 43 (S.D. Fla. Sept. 18, 2013) (appointing Mr. Radbil as class counsel for over 18,000 unnamed class members); *Garo v. Global Credit & Collection Corp.*, No. CV-09-2506-PHX-GMS, 2010 WL 5108605, at *9 (D. Ariz. Dec. 9, 2010) (appointing Mr. Radbil as class counsel for over 423,000 unnamed class members). And two other federal courts recently appointed Mr. Radbil's firm as class counsel in matters involving

---

[1] Defendant agrees that Ms. Hunter is an adequate class representative and has no interest antagonistic to the class.  However, Defendant does not adopt or agree with Ms. Hunter's statements regarding the claims asserted by her in this action and Defendant denies that it is liable to Ms. Hunter or the class in any way.

similar claims. *See Dianne Little-King et al. v. Hayt, Hayt & Landau, LLC,* No. 2:11-cv-05621-

MAH, Doc. 61 (D. N.J. Sept. 10, 2013) (appointing Weisberg & Meyers, LLC as class counsel);

*Tammie Powell, et al. v. ProCollect, Inc., et al.*, No. 3:11-cv-00846-M, Doc. 31 (N.D. Tex. July

18, 2012) (appointing Weisberg & Meyers, LLC as class counsel).

> **5. The questions of law and fact common to the class that Ms. Hunter seeks to represent predominate over any questions affecting only individual class members.**

"Under Rule 23(b)(3), it is not necessary that all questions of law or fact be common, but

only that some questions are common and that they predominate over the individual questions."

*Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004) (quotation omitted), *abrogated in*

*part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 533 U.S. 639 (2008). Common

questions predominate where "the issues in a class action [are] capable of generalized proof."

*Gaalswijk-Knetzke v. Receivables Mgmt. Servs. Corp.*, No. 8:08-CV-493-T-26TGW, 2008 WL

3850657, at *4 (M.D. Fla. Aug. 14, 2008).

Here, Ms. Hunter's claims are based upon the electronic fund transfer agreement that she

entered into with Nicholas Financial. And all of the proposed class members entered into the

same agreement. So, individual questions of facts with regard to the content of the agreement,

which could be subject to individualized proof, simply do not exist.

> **6. A class action is superior to other available methods for the fair and efficient adjudication of this matter.**

To determine if the superiority requirement of Rule 23(b)(3) is satisfied, a court must

consider (1) the interest of members of the class in individually controlling the prosecution or

defense of separate actions, (2) the extent and nature of any litigation concerning the controversy

already commenced by or against members of the class, (3) the desirability or undesirability of

concentrating the litigation of claims in the particular forum, and (4) the difficulties likely to be

encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3). Because the claims in this case all arise from the same form electronic fund transfer agreement, a class action is the superior vehicle for determining the rights all proposed class members.

**B. The parties' proposed class settlement is fair and reasonable.**

**1. The settlement agreement provides significant monetary recovery to the class members.**

The EFTA specifically limits the recovery to potential class members:

> [I]n the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant.

15 U.S.C. § 1693m(a)(1)(B).

It also directs that "[i]n determining the amount of liability in any [class] action under subsection (a) of this section, the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional." *Id.* at § 1693m(b).

Here, each of the approximately 1,383 class members will receive $50. *See* Exhibit A at section 2.3(c). Ms. Hunter does not contend the alleged violations of the EFTA by Defendant caused any actual damages, yet each class member will receive monetary recovery. In addition to the monetary recovery that each class member will receive, Nicholas Financial agrees to discontinue use of the standardized electronic funds transfer agreement at issue which provides for five business days written notice to cancel a preauthorized electronic funds transfer. *See* Exhibit A, at section 2.3(d).

    **2.  The settlement agreement is in line with recent class action settlements that federal district courts have approved under the EFTA.**

    The relief that the class members will receive as part of the proposed settlement is in line with the relief resulting from recent class action settlements that federal district courts have approved under the EFTA. *See, e.g., In re EasySaver Rewards Litig.*, 921 F. Supp. 2d 1040, 1048 (S.D. Cal. 2013) (approving a settlement that would provide each class member a $20 credit, as well as a right to request what would likely amount to an additional $10 payment—as 1,292,987 class members each had the right to request a pro rata share of $12,500,000); *Hart v. Guardian Credit Union*, 870 F. Supp. 2d 1300, 1302 (M.D. Ala. 2012) (approving a settlement that would establish a $42,500 claims-made fund to be made available to "hundreds" or "thousands"[2] of class members—or, in other words, a fund *potentially* worth no more than several dollars per class member); *Kinder v. Nw. Bank*, 278 F.R.D. 176, 186 (W.D. Mich. 2011) (approving a settlement that would establish a $200,000 claims-made fund to be made payable to 46,000 class members—or, on other words, a fund *potentially* worth $4.35 per class member).

    Here, the monetary value of the proposed settlement to each class member is $50—*no less*. And, the proposed settlement does *not* require each class member to affirmatively complete a claim form to obtain this monetary recovery. In other words, the proposed settlement does *not* involve a claims-made fund. So, in addition to the significant monetary recover to each of the 1,383 class members, the structure of the proposed settlement ensures that each class member will receive a substantial benefit—which was not the case in the unrelated settlements cited referenced above.

---

[2]  *See Hart v. Guardian Credit Union*, 2:10CV855-WHA, 2011 WL 2434201, at *2 (M.D. Ala. June 16, 2011)

**3. Notwithstanding, class members will be given the opportunity to opt out of the proposed settlement.**

Class members will be given notice of this action, of the proposed settlement, and will be afforded the opportunity exclude themselves from the settlement, or object to the proposed settlement. *See* Exhibit A at section 2.4(a); Proposed Class Notice, attached as Exhibit B.

**Conclusion**

This Court has previously certified class actions based upon violations of consumer protection statutes similar in structure to the EFTA. In fact, this Court has opined that claims arising from standardized forms are best handled as class actions. The circumstances of this case do not justify a departure from this rule. This Court should certify this action as a class action under Rule 23.

/s/ Aaron Radbil
Aaron D. Radbil
WEISBERG & MEYERS, LLC
5025 North Central Ave, Ste 602
Phoenix, AZ 85012
Phone: (786) 245-8622
Facsimile: (866) 842-3303
Email: aradbil@attorneysforconsumers.com

/s/Jeffrey S. York
Jeffrey S. York
MCGLINCHEY STAFFORD PLLC
10407 Centurion Parkway North
Suite 200
Jacksonville, FL 32256
Email: jyork@mcglinchey.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2013, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system.

<u>/s/ David McDevitt</u>
David McDevitt

Appendix C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:13-cv-61126-DMM

ANN HUNTER, *on behalf of herself and*
*others similarly situated*,

Plaintiff,

v.

NICHOLAS FINANCIAL, INC.,

Defendant.
_____/

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

Pursuant to the joint motion filed on the _____ day of _____, 2013, the parties in this class action have reached a proposed settlement and seek preliminary approval of the proposed class action settlement agreement and the proposed notice of class action settlement.

The motion, having come before me on the _____ day of _____, 2013 at _____ a.m./p.m. Plaintiff, herself and on behalf of others similarly situated, appeared by counsel Aaron D. Radbil. Defendant appeared by counsel Jeffrey R. Seewald. Having considered the motion and supporting papers, the agreement and the exhibits attached thereto, the Court issues the following order:

1.     This order incorporates by reference the definitions in the class action settlement agreement ("Agreement") and all terms defined therein shall have the same meaning in this order as set forth therein. The Agreement is attached to Docket Entry ___ as Exhibit ___, and is incorporated herein by reference.

2.     The Court hereby preliminarily approves the Agreement and the settlement embodied therein. The Court preliminarily finds that this case meets the requirements for class

certification under Fed. R. Civ. P. 23. The Court further preliminarily finds that the Agreement appears to provide for a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation. It further appears that as a result of speedy, voluntary discovery, counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this action. Additionally, it appears that the proposed settlement was reached as a result of intensive, non-collusive, arms-length negotiations.

3.      A hearing ("Final Fairness Hearing") will be held before this Court on the _____ day of _____, 2013 at _____ a.m./p.m. in Courtroom _____ of the United States District Court for the Southern District of Florida, located at 701 Clematis Street, West Palm Beach, FL 33401, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Action on the terms and conditions provided should be finally approved by the Court as fair, adequate, and reasonable to the Class Members; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the Court should finally approve a statutory damages and payment for the named-plaintiff; and the amount of attorneys' fees and costs to be awarded Class Counsel.

4.      The Court hereby approves, as to form and content, the proposed "Notice of Class Action" ("Class Notice") attached as Exhibit "__" to Docket Entry __. The Court finds that the distribution of the Class Notice substantially in the manner and form set forth in the Agreement meets the requirements of due process under the Constitution and Fed. R. Civ. P. 23 (e); and that such Class Notice is the best practicable under the circumstances and shall constitute due and

sufficient notice to all persons entitled thereto. The Court further finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to this case, the proposed settlement, its terms, and the right to object or opt out of the Class.

5.      For purposes of effectuating this settlement, the Court preliminarily certifies a Settlement Class consisting of all individuals throughout the United States who, between May 17, 2012 and May 29, 2013, signed an electronic funds transfer authorization agreement with Defendant, which required him/her to provide Defendant five business days written notice to cancel a preauthorized electronic fund transfer. Excluded from the Class are:

   a.      any person who is already subject to an existing release regarding the subject claims;

   b.      any person who is deceased as of the date of the preliminary approval order;

   c.      any person who has been discharged in bankruptcy under Title 11 of the United States Code as of the date of the preliminary approval order; and

   d.      any Class Member who timely mails a request for exclusion.

The Class Period runs from May 17, 2012 through May 29, 2013.

6.      For purposes of effectuating this settlement, the Court hereby appoints Plaintiff, Ann Hunter, as the class representative for the Settlement Class, and the following attorney is appointed as Class Counsel:

   Aaron D. Radbil
   Weisberg & Meyers, LLC
   5025 N. Central Ave., #602
   Phoenix, AZ 85012
   (888) 595-9111

7.      The Class Notice will be distributed to the Class as follows: On or before the _____ day of _____, 2013, Defendant or its designee will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendant's records, with a

notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address, Defendant or its designee will run such Class Member through the National Change of Address database to seek a good address and they will re-send the Notice to any Class Member for whom they are able to obtain a new address as a result of such search. Defendant will use its best efforts to provide prompt re-sending of any returned notices. However, Defendant and its attorneys will not be responsible the failure of the postal service to timely deliver or return a class notice. Defendant will have no obligation to re-send a notice that is not returned by the postal service until after the date that is seven days prior to the Final Fairness Hearing.

8.      Any class member who desires to enter an appearance pursuant to Fed. R. Civ. P. 23(c)(2)(B)(iv) must do so by _____, 2013. Class Members who wish to exclude themselves from (opt out of) the Class and the proposed settlement must mail a written request for exclusion to Class Counsel and Counsel for Defendant postmarked no later than _____, 2013, which is three weeks prior to the Final Fairness Hearing. In any such written request for exclusion, the Class Member must set forth his or her full name, address, telephone number, and Social Security number, together with a statement to the effect that that he or she wishes to be excluded from or opt out of the Class.

9.      Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period will not be bound by the terms of this Agreement and will not receive any of the benefits of the Settlement.

10.     No member of the Class, or any other person, will be heard at the Final Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys'

fees and expenses or the proposed Class Representative's award unless, not later than

_____, 2013, which is three weeks prior to the final fairness hearing, such Class Member or

other person files with the Clerk of the Court and serves upon Defendant's designated claims

administrator, Class Counsel and Counsel for Defendant a written notice of intent to object to

one or more of the terms of this Agreement or the Final Order and Judgment.

11.     Any such notice of objections must include:

      (1)     a statement of each objection being made;

      (2)     a detailed description of the facts underlying each objection;

      (3)     a detailed description of the legal authorities underlying each objection;

      (4)      a statement of whether the objector intends to appear at the Fairness Hearing;

      (5)     a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and

      (6)     a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

12.     Unless otherwise agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant, will not be heard during the Final Fairness Hearing and the Court will not consider their objections.

13.     Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, members,

or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use of the electronic fund transfer form that is at issue in this case.

14.     This Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than Settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

IT IS SO ORDERED.

Dated this _____ day of _____, 2013.


_____
HON. DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Appendix D

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 0:13-cv-61126-DMM

ANN HUNTER, *on behalf of herself and*
*others similarly situated*,

Plaintiff,

v.

NICHOLAS FINANCIAL, INC.,

Defendant.

_____/

## [PROPOSED] FINAL APPROVAL ORDER

On _____, 2013, the above-captioned case came before this Court for the Final Fairness Hearing on the proposed class action settlement.

On _____, 2013, after arms-length negotiations, Plaintiffs and Defendant entered into a class action settlement agreement ("Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On _____, 2013, the Parties filed the Agreement, together with their joint motion for conditional certification and preliminary approval of class action settlement agreement ("Preliminary Approval Motion"). The Agreement is Exhibit _ to Docket Entry __ in this case.

On or about _____, 2013, within ten days of filing the proposed settlement with the Court, Defendant complied with the requirements of 28 U.S.C. § 1715.

On _____, 2013, the Court heard the Parties' Preliminary Approval Motion.

On _____, 2013, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an order conditionally certifying class and granting preliminary approval of settlement ("Preliminary Approval Order"). Pursuant to the Preliminary Approval

Order, the Court, among other things, (i) preliminarily certified a class of plaintiffs ("Class Members") with respect to the claims asserted in this matter; (ii) preliminarily approved the parties' proposed settlement; (iii) appointed Ann Hunter as the class representative; (iv) appointed Aaron D. Radbil counsel for the Class Members; and (v) set the date and time of the final fairness hearing.

On _____, 2013, the Parties filed their motion for final approval of class action settlement ("Final Approval Motion").

On _____, 2013, the Court held the Final Fairness Hearing pursuant to Fed. R. Civ. P. 23 to determine whether this matter satisfied the applicable prerequisites for class action treatment and whether the proposed settlement was fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

The Parties have requested final certification of the Settlement Class under FED. R. CIV. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of this case and over the settling parties.

2.      <u>CLASS MEMBERS</u>. Pursuant to FED. R. CIV. P. 23(b)(3), this matter is hereby finally certified as a class action on behalf of all individuals throughout the United States who, between May 17, 2012 and May 29, 2013, signed an electronic funds  transfer authorization agreement with Defendant, which required him/her to provide Defendant five business days written notice to cancel a preauthorized electronic fund transfer. Excluded from the Class are:

a.      any person who is already subject to an existing release;

b.      any person who was deceased as of the date of the Preliminary Approval Order;

c.      any person who was discharged in bankruptcy under Title 11 of the United States Code as of the date of the Preliminary Approval Order; and

d.      any Class Member who timely mailed a request for exclusion.

3.      <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>. Pursuant to FED. R. CIV. P. 23, the Court finally certifies Ann Hunter as the Class Representative and Aaron D. Radbil as Class Counsel.

4.      <u>NOTICE TO CLASS MEMBERS</u>. Class action notices were mailed to all of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of FED. R. CIV. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

5.      <u>FINAL CLASS CERTIFICATION</u>. The Court finds that this matter satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23, namely:

a.      the Class Members are so numerous that joinder of all of them in this case is impracticable;

b.      there are questions of law and fact common to the Class Members, which predominate over any individual questions;

c.      Plaintiff's claims are typical of the claims of the Class Members' claims;

d.      Plaintiff and counsel for the Class Members have fairly and adequately represented and protected the interests of all of the Class Members; and

e.      Class treatment of these claims will be efficient and manageable, thereby

achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6.     The Court finds that the settlement of this matter on the terms and conditions set forth in the Agreement, and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendant's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class Members; and the limited amount of any potential total recovery for the Class.

7.     <u>SETTLEMENT TERMS</u>. The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the settlement include, but are not limited to, the following:

a.     Defendant will pay Plaintiff $1,000.00 to settle her individual claims;

b.     Defendant will send by U.S. Mail a check in the amount of $50.00 to each Class Member;

c.     Defendant will, to the extent that it has not done so already, discontinue its use of the electronic funds transfer form that gave rise to this matter;

d.     Defendant shall pay counsel for the Class Members a total of $26,500.00 in attorneys' fees, costs, and expenses, which the Court finds to be a reasonable fee in relation to the work expended.

11.    OBJECTIONS AND EXCLUSIONS. The Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member objected to the settlement. The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order. There are ___ such persons, and they are listed on the attached Exhibit A.

12.    This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the Class.

13.    RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT. The individual and class releases set forth in the Agreement are hereby approved. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

14.    Plaintiff, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the released claims, save and except for the compensation set forth above.

15.    This Action is hereby dismissed with prejudice as to all other issues and as to all parties and claims.

16.    This Order, the Agreement, and the existence and nature of the settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

17.    The Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to this matter and the Agreement, including the administration, interpretation,

construction, effectuation, enforcement, and consummation of the settlement and this Order.

IT IS SO ORDERED.


Dated this _____ day of _____, 2013.


_____
HON. DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE