UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-61126-DMM

ANN HUNTER, *on behalf of herself and
others similarly situated*,

      Plaintiff,

v.

NICHOLAS FINANCIAL, INC.,

      Defendant.
_____/

## FINAL APPROVAL ORDER

THIS CAUSE comes before the Court upon the Parties' Joint Motion for Final Approval of their Class Action Settlement (DE 31) ("Motion"), filed on April 10, 2014. On April 25, 2014, the above-captioned case came before this Court for the Final Fairness Hearing on the proposed class action settlement.

On November 14, 2013, after arms-length negotiations, Plaintiffs and Defendant entered into a class action settlement agreement ("Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On November 15, 2013, the Parties filed the Agreement, together with their joint motion for conditional certification and preliminary approval of class action settlement agreement ("Preliminary Approval Motion"). The Agreement is Exhibit A to Docket Entry 21 in this case.

On or about November 25, 2013, within ten days of filing the proposed settlement with the Court, Defendant complied with the requirements of 28 U.S.C. § 1715.

On January 13, 2014, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an order conditionally certifying class and granting preliminary

1

approval of settlement ("Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified a class of plaintiffs ("Class Members") with respect to the claims asserted in this matter; (ii) preliminarily approved the parties' proposed settlement; (iii) appointed Ann Hunter as the class representative; (iv) appointed Aaron D. Radbil counsel for the Class Members; and (v) set the date and time of the final fairness hearing.

On April 10, 2014, the Parties filed their motion for final approval of class action settlement ("Final Approval Motion").

On April 25, 2014, the Court held the Final Fairness Hearing pursuant to Fed. R. Civ. P. 23 to determine whether this matter satisfied the applicable prerequisites for class action treatment and whether the proposed settlement was fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

The Parties have requested final certification of the Settlement Class under FED. R. CIV. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record.

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. The Parties' Joint Motion for Final Approval of their Class Action Settlement (DE 31) is **GRANTED**.

2. The Court has jurisdiction over the subject matter of this case and over the settling parties.

3. <u>CLASS MEMBERS</u>. Pursuant to FED. R. CIV. P. 23(b)(3), this matter is hereby finally certified as a class action on behalf of all individuals throughout the United States who,

between May 17, 2012 and May 29, 2013, signed an electronic funds transfer authorization agreement with Defendant, which required him/her to provide Defendant five business days written notice to cancel a preauthorized electronic fund transfer. Excluded from the Class are:

    a.    any person who is already subject to an existing release;

    b.    any person who was deceased as of the date of the Preliminary Approval Order;

    c.    any person who was discharged in bankruptcy under Title 11 of the United States Code as of the date of the Preliminary Approval Order; and

    d.    any Class Member who timely mailed a request for exclusion.

4.    <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>. Pursuant to FED. R. CIV. P. 23, the Court finally certifies Ann Hunter as the Class Representative and Aaron D. Radbil of Greenwald Davidson PLLC as Class Counsel.

5.    <u>NOTICE TO CLASS MEMBERS</u>. Class action notices were mailed to all of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of FED. R. CIV. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

6.    <u>FINAL CLASS CERTIFICATION</u>. The Court finds that this matter satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23, namely:

    a.    the Class Members are so numerous that joinder of all of them in this case is impracticable;

    b.    there are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c.    Plaintiff's claims are typical of the claims of the Class Members' claims;

  d. Plaintiff and counsel for the Class Members have fairly and adequately represented and protected the interests of all of the Class Members; and

  e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

 7. The Court finds that the settlement of this matter on the terms and conditions set forth in the Agreement, and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendant's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class Members; and the limited amount of any potential total recovery for the Class.

 8. <u>SETTLEMENT TERMS</u>. The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the settlement include, but are not limited to, the following:

  a. Defendant will pay Plaintiff $1,000.00 to settle her individual claims;

  b. Defendant will send by U.S. Mail a check in the amount of $50.00 to each Class Member;

  c. Defendant will, to the extent that it has not done so already, discontinue its use of the electronic funds transfer form that gave rise to this matter;

   d. Defendant shall pay counsel for the Class Members a total of $26,500.00 in attorneys' fees, costs, and expenses, which the Court finds to be a reasonable fee in relation to the work expended.

11. <u>OBJECTIONS AND EXCLUSIONS</u>. The Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member objected to the settlement. The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order. There are 2 such persons:

- Robert Silver
  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
  Wickliff, OH 44092

- Larry Coverstone
  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
  Sidney, OH 45365

12. This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the Class.

13. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>. The individual and class releases set forth in the Agreement are hereby approved. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

14. Plaintiff, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the released claims, save and except for the compensation set forth above.

15. This Action is hereby dismissed with prejudice as to all other issues and as to all

parties and claims.

16. This Order, the Agreement, and the existence and nature of the settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

17. The Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to this matter and the Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

18. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 28 day of April, 2014.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record